# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JIMMY L. BANKS, | ) |
| Plaintiff, | ) Case No.: 2:11-cv-00648-GMN-CWH ) |
| vs. | ) **ORDER** ) |
| FREDDIE MAC aka FEDERAL HOME LOAN MORTGAGE CORPORATION, a Virginia corporation, et al., | ) ) ) |
| Defendants. | ) ) ) |

## INTRODUCTION

Before the Court is Defendant Ticor Title of Nevada's ("Ticor Title") Motion to Dismiss (ECF No. 13). Defendants Federal Home Loan Mortgage Corporation ("Freddie Mac"), MERSCORP, Inc., Mortgage Electronic Registration Systems, Inc. ("MERS"), CENLAR, Ocwen Loan Servicing, LLC ("Ocwen'), and The Copper Castle Law Firm, LLP ("CCLF") filed a Joinder to Ticor Title's Motion to Dismiss (ECF No. 20). Plaintiff filed a Response (ECF No. 22) and Ticor Title and Freddie Mac Defendants filed Replies (ECF No. 24 & 26).

Also pending before the Court is Plaintiff's Motion for Temporary Restraining Order (ECF No. 31) and Preliminary Injunction (ECF No. 32) as well as a motion for a hearing (ECF No. 30).

## FACTS AND BACKGROUND

Plaintiff purchased real property located at 2400 Lexington Street, North Las Vegas, 89030 ("the Property") in 2002. (*See* Grant, Bargain, Sale Deed, Mar. 8, 2002, Ex. A, ECF No.

19–1.)[1] As security for the loan, Plaintiff executed a deed of trust in favor of Amera Mortgage Corporation for a loan to purchase the property in the amount of $100,000.00 (*See* First DOT, Mar. 8, 2002. Ex. B, ECF No. 19–2.)

In October of 2003, Plaintiff refinanced the Property and obtained a loan in the amount $100,000 from Taylor, Bean & Whitaker Mortgage Corp. (*See* Note, Oct. 16, 2003, Ex. C, ECF No. 19–3.) As security for the loan, Plaintiff executed a deed to trust in favor of Taylor, Bean & Whitaker Mortgage Corp. (*See* Second DOT, Oct. 16, 2003, Ex. D, ECF No. 19–4.) Ticor Title of Nevada is listed as the Trustee on the Second DOT and MERS is listed a nominee and as the beneficiary. (*See id.*)

The Deed of Trust was assigned from MERS to Ocwen Loan Servicing, LLC ("Ocwen") on February 19, 2010. (*See* Assignment of DOT, Feb. 19, 2010, Ex. F, ECF No. 1–1.) Ocwen substituted CCLF, as a new Trustee under the Second DOT on May 20, 2010. (*See* Substitution of Trustee, May 20, 2010, Ex. E, ECF No. 19–5.)

On June 24, 2010 a Notice of Breach And Default And Of Election To Cause Sale Of Real Property Under Deed Of Trust ("NOD") was recorded with the Clark County Recorder. (*See* NOD, June 24, 2010, Ex. F, ECF No. 19–6.) The Trustee named in the NOD is CCLF. (*See id.*) On January 6, 2011, a Notice of Trustee's Sale was recorded with the Clark County Recorder. (*See* Notice of Trustee's Sale, Dec. 29, 2010, Ex. G, ECF No. 19–7.) The foreclosure sale took place on March 4, 2011 and the title to the Property passed to Freddie Mac. (*See* Trustee's Deed Upon Sale, Mar. 3, 2011, Ex. 3, ECF No. 20–3.)

Plaintiff filed the instant action in the Eighth Judicial District Court, Clark County, Nevada on January 20, 2011. On February 15, 2011, Defendant Ticor Title filed an answer to Plaintiff's Complaint. On March 24, 2011, Plaintiff filed a Motion for Temporary Restraining

---

[1] The Court takes judicial notice of the public records adduced by Defendants (ECF No. 19 Exs. A-G; ECF No. 20 Ex. 3) and Plaintiff (ECF No. 1–1, Ex. F). *See Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

Order (TRO). A hearing was held on said motion on April 27, 2011 at which time Plaintiff was granted leave to amend the complaint since the trustee sale had occurred. (*See* 4/27/2011 Minutes, Case No. A–11–633435–C). There was no order issued on the motion for TRO. On April 26, 2011, Defendant FHLMC filed a Notice of Removal in the state court. (ECF No. 1). On May 5, 2011 Plaintiff filed a First Amended Verified Complaint (ECF No. 9).

Plaintiff's Amended Complaint sets forth claims of wrongful foreclosure and to quiet title on the basis that the note and the deed of trust were separated and therefore none of the parties had standing to foreclose upon the subject property. Plaintiff alleges ten claims for relief against Defendants: (1) quiet title; (2) deceptive trade practices; (3) wrongful foreclosure – set aside trustee sale (NRS 107.080); (4) conspiracy to commit wrongful conversion; (5) statutorily defective foreclosure – NRS 107.080; (6) broken chain of custody (promissory note); (7) wrongful filing of unlawful detainer; (8) injunctive relief; (9) declaratory relief; (10) cancel deed of trust (rescission).

## DISCUSSION

### I.    MOTION TO DISMISS

#### A.    Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 127 S.Ct. 1955, 1964 (2007).  However, facts must be sufficient to edge a complaint from the conceivable to the plausible in order to state a claim.  *Id.*  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff.  *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.  *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

The Supreme Court clarified that, in order to avoid a motion to dismiss, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  The Court in Ashcroft further stated "[w]here a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Id.*  Therefore, merely making an allegation is not enough to survive a motion to dismiss; facts that a particular defendant may plausibly be liable for the alleged conduct must be pled.

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

**B.     Analysis**

**1.     Wrongful Foreclosure and Broken Chain of Title (Counts 3, 5 and 6)**

In addition to Plaintiff's allegations of a statutorily defective foreclosure under N.R.S. § 107.080, Plaintiff also alleges that the foreclosure was wrongful under common law and improper because of the securitization practices engaged in by Defendants.

Nevada law provides that a deed of trust is an instrument that may be used to "secure the performance of an obligation or the payment of any debt." NRS § 107.020(1). Upon default, the beneficiary, the successor in interest of the beneficiary, or the trustee may foreclose on the property through a trustee's sale to satisfy the obligation. NRS § 107.080(2)(c).

The procedures for conducting a trustee's foreclosure sale are set forth in NRS § 107.080. To commence a foreclosure, the beneficiary, the successor in interest of the beneficiary, or the trustee must execute and record a notice of the breach and election to sell. NRS § 107.080(2)(c). After at least three months have elapsed, the trustee or other person authorized to make the sale under the terms of the deed of trust shall give notice of sale in accordance with the posting requirements for residential foreclosures. N.R.S. § 107.080(4).  A foreclosure sale may be declared void if the trustee or other person authorized to make the sale did not substantially comply with the foreclosure statutes. N.R.S. § 107.080(5).  Here, Plaintiff alleges that CCLF was not properly named a trustee before the NOD filed on June 24, 2010 and therefore CCLF did not have the ability to direct the NOD.

MERS assigned the beneficial interest in the DOT to Ocwen on February 19, 2010.  The DOT lists MERS as a "nominee for the Lender and Lenders' successors and assigns." (*See* Second DOT at 1.)  Courts within this jurisdiction have concluded that the boilerplate provisions in the deeds of trust such as the one at issue here "give[s] MERS the broadest possible agency on behalf of the owner of the beneficial interest in the underlying debt. Such agency would include the ability to sell the interest in the debt." *Lasao v. Stearns Lending Co.*, No. 2:10-cv-

01864-KJD-LRL, 2011 WL 3273923, at *3 (D. Nev. July 29, 2011) (citing *Villa v. Silver State Fin. Servs.*, No. 2:10-cv-02024-LDG-LRL, 2011 WL 1979868, at 1 (D. Nev. May 20, 2011)). These courts have further found that the language is "clear enough ... to indicate that the parties intended MERS would be able to transfer the beneficial interest in the underlying debt directly." *Villa*, 2011 WL 1979868, at *1. Furthermore, "it is even more clear that MERS may directly transfer the interest in the deed of trust itself ...." *Smith v. Community Lending, In*c., 773 F.Supp.2d 941, 944 (D.Nev. 2011). Accordingly, Ocwen properly transferred the interest in the deed of trust on February 19, 2010.

Ocwen substituted CCLF as a new trustee under the second DOT on May 20, 2010. Then, on June 24, 2010 CCLF, as trustee, filed and recorded the NOD. Since the trustee can execute and record the NOD under NRS § 107.080(2)(c) the recordation of the NOD by the CCLF was proper and Plaintiff's allegations fail to state a claim.

Further, Plaintiff's arguments regarding a "broken chain of custody" also fail because "defendants do not need to produce the note to the property in order to proceed with a non judicial foreclosure." *Clingman v. Somy*, No. 2:10-cv-0184-JCM-LRL, 2011 WL 383951, at *2 (D.Nev. Feb. 3, 2011). Case law within this district holds that N.R.S. § 107.080 "does not require a lender to produce the original note or prove its status as a real party in interest, [a] holder in due course, current holder of the note, nominee of the current holder of the note, or any other synonymous status as a prerequisite to nonjudicial foreclosure proceedings*." Kwok v. Recontrust Company, N.A.*, No. 2:09-cv-02298-RLH-LRL, 2010 WL 4810704, at *4 (D.Nev. Nov. 19, 2010); *see also Ritter v. Countrywide Home Loans, Inc.*, No. 2:10-cv-00634-RLH-RJJ, 2010 WL 3829378, at *3 (D.Nev. Sept. 24, 2010) ("[T]he court has consistently held that NRS § 107.080 does not require MERS or any other similar entity to show it is the real party in interest to pursue nonjudicial foreclosure actions.").

In Nevada "[a]n action for the tort of wrongful foreclosure will lie if the trustor or

mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." *Collins v. Union Federal Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev.1983) (citations omitted). Plaintiff does not dispute that he was in default on his mortgage payments at the time of the foreclosure. Therefore Plaintiff has not stated a claim for the tort of wrongful foreclosure.

Accordingly, all of Plaintiff's claim for wrongful foreclosure, i.e. counts 3, 5 and 6 of the amended complaint, are dismissed.

### 2.      Deceptive Trade Practices (Count 2)

Plaintiff's second cause of action alleges that "Defendant engaged in deceptive trade practices by knowingly making false representations to Plaintiffs in violation of NRS 598.0915 and NRS 598.0923." (Amended Compl. ¶ 37, ECF No. 9.)

Only subsection 15 of NRS 598.0915 could plausibly state a claim upon which relief could be granted. All other subsections of NRS 598.0915 apply specifically to goods and/or services. NRS 598.0923 does not apply to this case because: "(1) plaintiff has not alleged, under subsection one, that any defendant has been conducting their business without a required license; (2) subsections two and three apply to the sale or lease of goods or services; (3) plaintiff has not alleged that any defendant, under subsection four, has used coercion, duress or intimidation in a transaction; and (4) no defendant was the seller in a land sale installment contract under subsection five." *Anderson v. Deutsche Bank National Trust Co*., No. 2:10-cv-1443-JCM-PAL, 2010 WL 4386958, at *3 (D.Nev. Oct. 29, 2010)

Subsection 15 of NRS 598.0915 knowingly makes any false representation in a transaction a deceptive trade practice. Plaintiff alleges that "the defendants did not furnish Plaintiff the correct Notice of Servicing that the loan may be assigned, sold, or transferred to any other person in violation of 12 U.S.C. 2605(a)." (Amended Compl. ¶ 40.) This claim is barred

by the applicable statute of limitations for a claim under the Deceptive Trade Practices Act, which is four years. NRS 11.190(2)(d). Plaintiff's claim arises from the origination of the loan in October of 2003, and the instant action was filed in January 2011, more than four years later. Accordingly, the second cause of action is dismissed against all Defendants with prejudice.

### 3. Conspiracy to Commit Wrongful Conversion (Count 4)

Plaintiff's claim for conspiracy to commit a wrongful conversion is basically an allegation of a civil conspiracy to defraud. "Under Nevada law, an actionable civil conspiracy-to-defraud claim exists when there is (1) a conspiracy agreement; (2) an overt act of fraud in furtherance of the conspiracy; and (3) resulting damages to the plaintiff." *Goodwin v. Executive Tr. Servs., LLC*, 680 F.Supp.2d 1244, 1254 (D.Nev.2010) (citing *Jordan v. State ex rel. Dep't of Motor Vehicles and Pub. Safety*, 110 P.3d 30, 51 (Nev. 2005)). "To allege a conspiracy to defraud, a complaint must meet the particularity requirements of Federal Rule of Civil Procedure 9(b) and inform each defendant of its actions that constituted joining the conspiracy." *Anderson*, 2010 WL 4386958, at *4; *Graziose v. Am. Home Prods. Corp.*, 202 F.R.D. 638, 642 (D.Nev. 2001). Allegations of conspiracy should be accompanied by the who, what, when, where, and how of the misconduct. *Ness v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir.2003).

Plaintiff fails to state with any particularity facts that would establish a claim for a civil conspiracy to defraud. Accordingly, this claim is dismissed with leave to amend.

### 4. Wrongful Filing of Unlawful Detainer (Count 7)

Plaintiff's seventh cause of action is titled "wrongful filing of an unlawful detainer." Plaintiff alleges that he was never properly served the notice of default and election to sell the property via registered or certified mail. (Am Compl. at ¶94.) Plaintiff claims that Defendants have wrongfully filed an unlawful detainer action against him based on this defect and "without any grounds in fact or law". (Am. Compl. at ¶96.) Plaintiff failed to provide any authority in

support of the proposition that "wrongful filing of an unlawful detainer" is a tort recognized in Nevada and the Court has likewise found no such tort. *See Goodwin v. Executive Trustee Services, LLC.*, No. 3:09–cv–00306–ECR–PAL, 2010 WL 5056192, at *4 (D.Nev. Dec. 2, 2010). Moreover, any fees or damages Plaintiff incurred as a result of defending against the action should have been addressed in the context of that proceeding, for example as a counterclaim or a motion for attorney's fees. Accordingly, Plaintiff's fifth claim will therefore be dismissed.

However, N.R.S. §107.080(3) requires the trustee to mail a copy of the notice of default and election to sell to the trustor before the subject property is sold. While Plaintiff alleges under his claim for "wrongful filing of an unlawful detainer" that he did not receive a mailed copy of the notice of default he appears to abandon these allegations in his Response to the motion to dismiss. Plaintiff will be allowed to amend his complaint to allege sufficient facts that could plausibly establish a statutorily defective foreclosure under N.R.S. §107.080(3).

### 5. Quiet Title (Count 1)

"An action to quiet title is an equitable proceeding in which a party seeks to settle a dispute over ownership of property or to remove a cloud upon his title to the property." *Anderson*, 2010 WL 4386958, at *4 (citing *MacDonald v. Krause*, 362 P.2d 724 (Nev.1961)). A widely accepted rule in such actions is that the party must tender any outstanding loan amount prior to seeking equitable relief. *See, e.g.*, *Anderson*, 2010 WL 4386958, at *5; *Robins v. Wolf Firm*, No. 2: 10-cv-00424-RLH-PAL, 2010 WL 2817202, at *3 (D.Nev. July 15, 2010); *Simon v. Bank of Am.*, No. 10-cv-00300-GMN-LRL, 2010 WL 2609436, at *12–13 (D. Nev. June 23, 2010); *Velasquez v. HSBC Mortg. Servs.*, No. 2:09-cv-00784-KJD-LRL, 2009 WL 2338852, at *9–10 (D.Nev. July 24, 2009). Plaintiff has failed to allege that he is not in default on his loans or that he has made an offer of tender. For these reasons Plaintiff has failed to state a claim for quiet title.

      **6.**     **Injunctive and Declaratory Relief and Rescission (Counts 8, 9 and 10)**

Plaintiff's claims for injunctive relief, declaratory relief and rescission are technically prayers for relief, not independent causes of action. *See, e.g., Anderson*, 2010 WL 4386958, at *5. Consequently, these claims must fail because Plaintiff has failed to state a valid claim upon which relief may be granted. Therefore, Plaintiff's claims for the eighth, ninth and tenth causes are actions are dismissed as to all defendants.

## II.   MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

In order to secure injunctive relief prior to a full adjudication on the merits, a plaintiff must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 129 S.Ct. 365, 374 (2008). Because Plaintiff's Amended Complaint has been dismissed in its entirety for failure to state a claim upon which relief can be granted, this Court finds that Plaintiff has not shown that he is likely to succeed on the merits and, therefore, injunctive relief will not be granted. Accordingly, Plaintiff's Motion for a Hearing (ECF No. 30), Motion for a Temporary Restraining Order (ECF No. 31), and Motion for a Preliminary Injunction (ECF No. 32) will be denied.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Ticor Title of Nevada's Motion to Dismiss (ECF No. 13) is **GRANTED**. Plaintiff's Amended Complaint is **DISMISSED**, **as to all Defendants**. However, Plaintiff is granted leave to amend his Complaint correcting the deficiencies in his claims for statutorily defective foreclosure and civil conspiracy to defraud. Plaintiff shall file the Amended Complaint **not later than Monday, December 12, 2011**. **Failure to file an Amended Complaint by that date will result in dismissal of this lawsuit.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to for a Hearing (ECF No. 30), Motion for a Temporary Restraining Order (ECF No. 31), and Motion for a Preliminary Injunction (ECF No. 32) are **DENIED**.

DATED this 15th day of November, 2011.

_____
Gloria M. Navarro
United States District Judge