# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JIMMY L. BANKS, *et al.*,

        Plaintiffs,

vs.

FREDDIE MAC, *et al.*,

        Defendants.

Case No.  2:11-cv-00648-GMN-CWH

**ORDER**

This matter is before the Court on Plaintiff's Motion to Strike Reply #70 to Motion to Dismiss #60 (#73), filed on January 3, 2013.  The Court also considered Defendant's Response (#77), filed on January 8, 2013, and Plaintiff's Reply (#82), filed on January 18, 2013.  Additionally, this matter is before the Court on Plaintiff's Motion to Strike Joinder #71 to Reply #70 to Motion to Dismiss #60 (#75), filed on January 4, 2013.  The Court also considered Defendants' Response (#88), filed on January 25, 2013.  Finally, this matter is before the Court on Defendants' Motion to Extend Time to File Response to Plaintiff's Motion to Strike (#87), filed on January 25, 2013.

## BACKGROUND

This action concerns a foreclosure and eviction related to property located at 2400 Lexington Street, North Las Vegas, 89030.  Defendants filed a Petition for Removal to this Court on April 25, 2011.  On November 15, 2011, the Court dismissed Plaintiff's First Amended Complaint.  *See* Order #33.  Plaintiff requests that the Court strike Defendant Ticor Title of Nevada's Reply #70 to the Motion to Dismiss #60 (#70) and the other Defendants' Joinder to the Reply (#71) because of a service error and general unlawful conduct by Defendants.  In response, Defendants argue that Plaintiff failed to meet the standard for a motion to strike and service was proper.  Additionally, Defendants request that they be given an extension of time to file their

opposition to Plaintiff's Motion to Strike #75.

## DISCUSSION

### A.   Defendants' Motion to Extend Time to File Response

Defendants request that the Court grant them an extension of time to file their response to Plaintiff's Motion to Strike. They allege that the failure to timely file their response was due to a calendaring error and their belief that the Motion to Strike was moot. The Court notes that Defendants' response was due on January 20, 2013 and it was filed five days late on January 25, 2013. However, the Court finds good cause for the extension and will grant Defendant's Motion.

### B.   Plaintiff's Motions to Strike

Federal Rule of Civil Procedure 12(f) states, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Ninth Circuit has noted that "[u]nder the express language of the rule, only pleadings are subject to motions to strike." *Sidney-Veinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) (noting that striking a motion to reconsider fails to comply with the policy of Rule 12(f) to avoid litigating spurious issues). Additionally, the Court notes that "[f]ederal courts generally disfavor motions to strike." *Leeward Capital, L.P. v. Archon Corp.*, 759 F.Supp.2d 1249, 1254 (D. Nev. 2010) (citation omitted); *see also Germaine Music v. Universal Songs of Polygram*, 275 F. Supp. 2d 1288, 1300 (D. Nev. 2003) *aff'd in part*, 130 F. App'x 153 (9th Cir. 2005) (denying severe measure of striking answer as unwarranted); *Colaprico v. Sun Microsystems, Inc.,* 758 F.Supp. 1335, 1339 (N.D. Cal. 1991) ("[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation."); *Bureerong v. Uvawas,* 922 F.Supp. 1450, 1478 (C.D. Cal.1996) ("[M]otions are generally disfavored because they are often used as delaying tactics, and because of the limited importance of pleadings in federal practice.")

After careful review, the Court finds that Plaintiff's Motions to Strike must be denied. Plaintiff seeks to strike (1) Defendant Ticor Title of Nevada's Reply in Support of the Motion to Dismiss (#70) and (2) Defendants Federal Home Loan Mortgage Corporation, Mersorp, Inc. Mortgage Electronic Registration Systems, Inc, Ocwen Loan Servicing, LLC, and The Cooper

Castle Law Firm, LLP's Joinder to the Reply (#71).  In doing so, Plaintiff appears to assert defective service and unlawful conduct by Defendants as the bases for striking these filings.  The Court finds Plaintiff's arguments not persuasive for two reasons.  First, there is nothing "redundant, immaterial, impertinent, or scandalous" in the Reply or Joinder that warrants being stricken.  Fed. R. Civ. P. 12(f).  It is unclear how Defendants' Reply and Joinder, which contend that Plaintiff's Complaint fails to state a claim upon which relief can be granted, is "irrelevant to the legitimate practice of law" as Plaintiff claims.  *Pl.'s Mot.* #75, 5.  As a result, Plaintiff has failed to meet Rule 12(f)'s standard.  Second, any defect in service has been cured and Plaintiff was provided with Defendants' Joinder.  Plaintiff contends that Rule 11 provides an alternative ground for striking the joinder given that he is *pro se* and improper service was a significant defect.  Defendants filed a new certificate of service verifying that Plaintiff was served at the correct address.  Accordingly, the Court finds that Plaintiff has failed to meet the standard to strike Defendants' Reply or Joinder.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike (#73) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (#75) is **denied**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Extend Time (#87) is **granted**.

DATED this 28th day of January, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**