# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JIMMY L. BANKS, *et al.*,  )
        Plaintiffs,  )  Case No. 2:11-cv-00648-GMN-CWH
          )
vs.  )  **ORDER**
          )
FREDDIE MAC, *et al.*,  )
        Defendants.  )

This matter is before the Court on Plaintiff's Motion to Stay (#79), filed on January 8, 2013, Plaintiff's Motion to Compel (#80), filed on January 8, 2013, and Plaintiff's Motion to Extend Discovery (#81), filed on January 18, 2013. The Court also considered Defendants' Response to the Motion to Stay (#86), filed on January 25, 2013, and Defendants' Response to the Motion to Compel (#85), filed on January 25, 2013.

## BACKGROUND

This action concerns a foreclosure and eviction related to property located at 2400 Lexington Street, North Las Vegas, 89030. Defendants filed a Petition for Removal to this Court on April 25, 2011. On November 15, 2011, the Court dismissed Plaintiff's First Amended Complaint. *See* Order #33. Plaintiff requests that the Court stay the case pending the completion of discovery exchanges, which he outlines in the Motion to Compel. Additionally, Plaintiff seeks an extension of the discovery cutoff deadline, which is set for February 11, 2013. *See* Order #55. In response, Defendants assert that there are no grounds to stay the case as the pending Motions to Dismiss (#37 and #60) are fully briefed and the Motion to Compel is procedurally deficient.

## DISCUSSION

**A.    Plaintiff's Motion to Stay**

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of

discovery when a potentially dispositive motion is pending. *Skellercup Indus. Ltd. V. City of L.A.*, 163 F.R.D. 598 600-01 (C.D. Cal 1995) (finding that a stay of discovery is directly at odds with the need for expeditious resolution of litigation. Ordinarily a pending dispositive motion is not "a situation that in and of itself would warrant a stay of discovery." *See Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 555-56 (D. Nev. 1997) (quoting *Twin City Fire Ins. v. Employers Insurance of Wausau*, 124 F.R.D. 652, 653 (D.Nev. 1989)). Common examples of such situations are when jurisdiction, venue, or immunity are preliminary issues. *Id*. Ultimately, the party seeking the stay "carries the heavy burden of making a 'strong showing' why discovery should be denied." *Id.* (citing *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir.1975)).

Courts have broad discretionary power to control discovery including the decision to allow or deny discovery. *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). An overly lenient standard for granting motions to stays due to pending dispositive motions would result in unnecessary delay in many cases. That discovery may involve inconvenience and expense is not sufficient to support a stay of discovery. *Turner Broadcasting*, 175 F.R.D. at 556.[1] Rather, a stay of discovery should only be ordered if the court is convinced that a plaintiff will be unable to state a claim for relief. *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011).

The Court finds that the Plaintiff has not made the strong showing necessary to support the requested stay. Plaintiff's arguments that a stay would serve to promote judicial economy and circumvent procedural gamesmanship by Defendants are not persuasive. In fact, Plaintiff appears to be requesting that discovery proceed and be extended for two months, which is inconsistent with his request for a stay. The Court finds that Plaintiff failed to articulate sufficient justification to stay its ruling on all pending motions until discovery is completed. Accordingly, the Court will deny Plaintiff's Motion to Stay.

**B.     Plaintiff's Motion to Compel**

After careful review, the Court finds that Plaintiff's Motion to Compel must be denied for

---

[1] As noted in *Tradebay*, "[t]he fact that a non-frivolous motion is pending is simply not enough to warrant a blanket stay of all discovery." 278 F.R.D. at 603.

failure to comply with Federal Rule of Civil Procedure 37(a)(1) and Local Rule ("LR") 26-7(b). Pursuant to Rule 37(a)(1), a party seeking to compel responses to discovery requests "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Additionally, LR 26-7(b) states, "Discovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have been unable to resolve the matter without Court action."

Rule 37's meet and confer requirement and LR 26-7(b)'s personal consultation requirement serve important purposes. Compliance is required "to lessen the burden on the court and reduce the unnecessary expenditure of resources by litigants, through the promotion of informal, extrajudicial resolution of discovery disputes." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Id.* In order to serve its purpose, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id.* To do so,

> [t]he parties must present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions. Only after the cards have been laid on the table, and a party has meaningfully assessed the relative strengths and weaknesses of its position in light of all available information, can there be a 'sincere effort' to resolve the matter.

*Id.* Furthermore, in *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166 (D. Nev. 1996), the Court identified two prongs to Rule 37's meet and confer requirement. First, the moving party must provide a certification from counsel which "accurately and specifically conveys to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute" – the certification requirement. *Id.* Second, the moving party must actually confer or attempt to confer in good faith – the performance requirement. *Id.* The moving party must move beyond cursory statements and "must adequately set forth in the motion essential facts

sufficient to enable the court to pass a preliminary judgment on the adequacy and sincerity of the good faith conferment between the parties." *Id.* at 171.  A good faith attempt requires more than the "the perfunctory parroting of statutory language," it requires a "genuine attempt to resolve the discovery dispute through non judicial means." *Id.*  Plaintiff's request lacks any such certification that he met and conferred with Defendants on this matter and therefore, the Court will deny the Motion to Compel without prejudice.

### C. Plaintiff's Motion to Extend Discovery

Plaintiff requests that the Court extend the discovery cutoff deadline by sixty (60) days.  He contends that Defendants have not responded to his discovery requests, which has forced him to file a Motion to Stay and Motion to Compel.  As a result, Plaintiff argues that additional time is warranted to allow the Court to rule on his motions and Defendants to respond to his discovery requests.  The Court finds that there is not good cause to extend the discovery cutoff deadline at this time.  Accordingly, the Court will deny Plaintiff's Motion to Extend Discovery without prejudice.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Stay (#79) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel (#80) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Discovery (#81) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that the parties shall file a Joint Interim Status Report, as previously instructed in Order #55, in accordance with Local Rule 26-3, by **February 7, 2013**.

DATED this 28th day of January, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**