# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JIMMY L. BANKS, | ) |
| | ) |
| Plaintiff, | ) Case No.: 2:11-cv-00648-GMN-CWH |
| vs. | ) |
| | ) **ORDER** |
| FREDDIE MAC aka FEDERAL HOME | ) |
| LOAN MORTGAGE CORPORATION, a | ) |
| Virginia corporation, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

This action arises out of the foreclosure proceedings initiated against the property of Plaintiff Jimmy L. Banks, who is appearing *pro se*. Pending before the Court are multiple motions. First, is Plaintiff Jimmy L. Bank's Motion for Declaratory Relief to Determine Defendant's True Standing to Collect, Calculations of Payments Demanded by Defendants pursuant to Notice of Default. (ECF No. 35). Second, are three Motions to Dismiss filed by Defendant Ticor Title of Nevada (ECF No. 37, 60, 96)[1], with Defendants Cooper Castle Law Firm, LLP, ("CCLF") Freddie Mac, Merscorp, Inc., Mortgage Electronic Registration Systems, Inc., and Ocwen Loan Servicing, LLC joining the second Motion to Dismiss and its Reply. (ECF No. 64, 69). Plaintiff opposed only the second Motion to Dismiss and the Joinder. (ECF No. 68, 69). Defendants replied (ECF No. 70, 71) and Plaintiff filed a Surreply titled Omnibus

///

///

---

[1] It is unclear why three Motions to Dismiss were filed. However, as Plaintiff has only opposed the second (ECF No. 60) and all motions seek dismissal, the Court considers the second filed motion. While Plaintiff has not responded to the third filed motion, this Order renders the third motion moot.

Response.[2] (ECF No. 72).

## I. BACKGROUND

The facts giving rise to this case are set out more particularly in this Court's prior Order. (Order Grant'g Mot. to Dismiss, ECF No. 33.) The facts pertinent to this motion are that Plaintiff's original Complaint alleged ten (10) claims for relief against Defendants: (1) quiet title; (2) deceptive trade practices; (3) wrongful foreclosure – set aside trustee sale (NRS 107.080); (4) conspiracy to commit wrongful conversion; (5) statutorily defective foreclosure – NRS 107.080; (6) broken chain of custody (promissory note); (7) wrongful filing of unlawful detainer; (8) injunctive relief; (9) declaratory relief; and (10) cancel deed of trust (rescission).

On November 15, 2011, the Court granted Defendants' Motion to Dismiss as to all Defendants. Additionally, the Court gave Plaintiff leave to amend his complaint as to only his cause of action for statutorily defective foreclosure and his cause of action alleging civil conspiracy to defraud. (Order 10:21-25, ECF No. 33.) Rather than file a complaint amending only these two causes of action, Plaintiff filed an amended complaint on December 12, 2011 alleging thirteen (13) causes of action against Defendants: (1) quiet title; (2) aiding and abetting wrongful foreclosure; (3) wrongful foreclosure; (4) unlawful (statutorily defective) foreclosure – NRS 107.080; (5) unlawful reliance on falsified documents against property rights – NRS 205.372-95; (6) false recordation concerning title to real property, (7) broken chain of custody (promissory note & assignment rights); (8) cancellation of instruments, (9) unjust enrichment, (10) injunctive relief, (11) declaratory relief, (12) slander of title, and (13) retaliatory/wrongful filing of unlawful detainer. (*See generally* Am. Compl. ¶¶ 19-222, ECF No. 34.) Defendants moved to dismiss the Complaint with prejudice for failure to state a claim.

---

[2] Local Rule 7-2(a)-(c) allows a motion, a response and a reply. No provision is made for the filing of a surreply. "A surreply may only be filed by leave of court, *and only to address new matters raised in a reply to which a party would otherwise be unable to respond*." *Kanvick v. City of Reno*, No. 3:06-CV-00058-RAM, 2008 WL 873085, at*n.1 (D. Nev. March 27, 2008)(emphasis in original). Here, Defendants' reply did not raise any new issues to which Plaintiff was otherwise unable to respond. Therefore, Plaintiff's filing of the surreply was inappropriate and will not be considered.

## II.      MOTION TO DISMISS

### 1.      Legal Standard

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992).

**2.     Discussion**

The Court previously granted Plaintiff leave to amend only the statutorily defective foreclosure and civil conspiracy to defraud claims. In its November 15, 2011 Order, the Court stated that "Plaintiff's Amended Complaint is DISMISSED, as to all Defendants." (Order Grant'g Mot. to Dismiss 10:21-22, ECF No. 33.) The Court further granted Plaintiff "leave to amend his Complaint correcting the deficiencies in his claims for statutorily defective foreclosure and civil conspiracy to defraud." (*Id.* at 10:22-23.) The Court did not give leave to amend by adding additional claims. (*Id.*) Therefore, the eleven causes of action listed in Plaintiff's most recent Amended Complaint that are not claims for statutorily defective foreclosure and civil conspiracy to defraud are unauthorized and are stricken. Even if the Court were to consider these claims, as discussed below, given the applicable legal standard, these claims have no merit. Specifically, the Court concludes that amendment would be futile. In addition, the Court denies this request to amend due to Plaintiff's repeated failure to cure deficiencies. Thus, Plaintiff's request to amend is denied.

   **a.     Quiet Title**

This Court has already dismissed this claim with prejudice. (ECF No. 33 at 9.) Moreover, Plaintiff's Amended Complaint simply repeats the same allegations and relies on the same failed legal theories as the prior Complaint. Plaintiff relies on the "split the note" legal theory expressly rejected by this Court and the Ninth Circuit. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011); *Vega v. CTX Mortgage Co.*, LLC, 761 F. Supp. 2d 1095, 1097-98 (D. Nev. 2011); *Khankhodjaeva v. Saxon Mortgage Servs.*, 2012 WL 214302, at *4 (D. Nev., Jan. 24, 2012); *Parker v. GreenPoint Mortgage Funding Inc.*, 2011 WL 5248171, at *4 (D. Nev., Nov. 1, 2011); *Wittrig v. First Nat'l Bank of Nev.*, 2011 WL 5598321, at *5-6 (D. Nev., Nov. 15, 2011). Also, as stated in this Court's prior Order, Plaintiff has failed to allege that he is not in default on his loans or that he has made an offer of tender, as required

1 under section 40.010 of the Nevada Revised Statutes. (ECF No. 33 at 9.)  Therefore, this claim
2 is dismissed with prejudice.  Plaintiff may not amend this claim.

### b. Aiding and Abetting Wrongful Foreclosure

This claim relies exclusively on the legal theory that MERS is a sham beneficiary. Plaintiff contends that MERS "substantially assisted" the wrongful foreclosure of Plaintiff's property "by creating and operating the MERS System . . .." (Am. Compl. ¶ 38, ECF No. 34.) This argument was resoundingly rejected by the Ninth Circuit in *Cervantes*. 656 F.3d at 1044 (rejecting the argument "that all transfers of the interests in the home loans within the MERS system are invalid because the designation of MERS as a beneficiary is a sham and the system splits the deed from the note, and, thus, no party is in a position to foreclose")  Specifically, the Ninth Circuit held  that "[e]ven if MERS were a sham beneficiary, the lenders would still be entitled to repayment of the loans and would be the proper parties to initiate foreclosure after the plaintiff[ ] defaulted on [his] loan[]." *Id.*  Thus, as this claim fails as a matter of law, amendment is futile.  This claim is dismissed with prejudice.  Plaintiff may not amend this claim.

### c. Wrongful Foreclosure

The Court first notes that Plaintiff was not granted leave to amend this cause of action. (*See* Order Grant'g Mot. to Dismiss, ECF No. 33 (granting leave to amend only on Plaintiff's statutorily defective foreclosure and civil conspiracy to defraud causes of action).)

In Nevada, the common law tort of wrongful foreclosure requires a plaintiff to "establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983).  Nevada statutes do not require parties initiating foreclosure to first provide proof that they are the holder and owner of the mortgage and note. Securitization does not bar a party from initiating foreclosure proceedings. *See* Nev. Rev. Stat. §

107.080; *Chavez v. California Reconveyance Co.*, 2010 WL 2545006, at *2 (D. Nev. 2010) ("NRS 107.080 does not forbid the securitization of a loan").

Here, Plaintiff's unauthorized attempt to amend his wrongful foreclosure cause of action still relies on three legal theories rejected by this Court and the Ninth Circuit, namely "split the note," "extinguished note," "securitization voids the deed of trust," and "sham beneficiary" theories. *See, e.g. Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011) (split the note); *Dyson Fourness v. Mortgage Elec. Registration Sys., Inc.*, No. 3-10-cv-40-ECR-RAM, 2010 WL 5071049 (D. Nev., Dec. 6, 2010) (extinguish the note); *Chavez v. Cal. Reconveyance Co.*, No. 2:10-cv-00325-RLH-LRL, 2010 WL 2545006 (D. Nev. June 18, 2010)(securitization voids the deed of trust);*Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1043–1044, 1047 (9th Cir. 2011)(sham beneficiary). Plaintiff's theory that credit default swaps, credit enhancements, over-collateralization, federal bailout funds, or other monies paid by investors somehow extinguished his mortgage obligation is patently incorrect. (Am. Compl. ¶¶ 74, 92, ECF No. 34.) Additionally, this Court has already held securitization does not void the deed of trust, split the note irreparably or extinguish Plaintiff's mortgage obligations. (Order Grant'g Mot. to Dismiss 5-6, ECF No. 33.) Thus, the claims fail as a matter of law and it is absolutely clear that the deficiencies cannot be cured by amendment. Plaintiff may not amend this claim.

### d. Statutorily Defective Foreclosure – NRS 107.080

Plaintiff's fourth claim, again, relies on the sham beneficiary and extinguished note theories. To the extent that the claim relies on those theories, the claim fails as a matter of law and is dismissed with prejudice. However, this Court gave Plaintiff leave to amend this claim to allege that he did not receive a mailed copy of the notice of default and trustee's sale. Plaintiff has done this by alleging in his amended Complaint that Defendants filed a Notice of Default and Notice of Trustee's Sale without notice to the Plaintiff. (Am. Compl. ¶¶ 100-103, ECF No.

34.) Assuming those facts as true, Plaintiff has pled a plausible claim for statutorily defective foreclosure against CCLF, as the trustee who filed the Notice of Default and Notice of Trustee's Sale, and Ocwen, as the beneficiary. Therefore, only as to CCLF and Ocwen, this claim survives this Motion to Dismiss.

All other Defendants were not parties to the statutory foreclosure and thus, as to Ticor Title of Nevada, Freddie Mac, Merscorp, Inc., and MERS this claim is dismissed with prejudice.

### e. *Unlawful Reliance on Falsified Documents – NRS 205.372-95*

This claim is a variation on the argument that MERS is a sham beneficiary and is predicated on survival of the second claim against MERS, which has been dismissed with prejudice. The claim relies on a rejected legal theory, amendment is futile, and the claim is dismissed with prejudice. Plaintiff may not amend this claim.

### f. *False Recordation Concerning Title to Real Property*

Plaintiff's sixth claim raises the same argument as the previous civil conspiracy to defraud claim, but now adds a notary fraud component. To state a claim for fraud or intentional misrepresentation, a plaintiff must allege three factors: (1) a false representation by the defendant that is made with either knowledge or belief that it is false or without sufficient foundation; (2) an intent to induce another's reliance; and (3) damages that result from this reliance. *See Nelson v. Heer*, 163 P.3d 420, 426 (Nev. 2007). A claim of "fraud or mistake" must be alleged "with particularity." Fed. R. Civ. P. 9(b). A complaint alleging fraud or mistake must include allegations of the time, place, and specific content of the alleged false representations and the identities of the parties involved. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Id*.

Plaintiff lumps all Defendants together and fails to give Defendants any meaningful opportunity to refute or defend against the claims. Despite this Court's prior instruction to state facts to support the claim with particularity, Plaintiff has failed to do so and instead only adds legal conclusions of notary fraud.  Thus, the claim is insufficiently pled and is dismissed. Moreover, it is dismissed with prejudice for failure to cure deficiencies by amendments previously allowed.  Plaintiff may not amend this claim.

### g. *Broken Chain of Custody (Promissory Note & Assignment Rights)*

Not only has Plaintiff's seventh claim already been dismissed with prejudice, but it again relies on the split the note theory rejected by this Court.  The claim is dismissed with prejudice. Plaintiff may not amend this claim.

### h. *Unjust Enrichment*

"An action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." *Leasepartners Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997) (per curiam).  Thus, the doctrine of unjust enrichment only "applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another [or should pay for]." *Id*.  Plaintiff's Complaint admits that he entered into an express contract when he executed the deed of trust and note. (Am. Compl. 6:9-11, ECF No. 34.)  Accordingly, this cause of action is dismissed with prejudice.

Yet again, Plaintiff's ninth claim relies on the theory that third party investor and insurance monies have somehow extinguished his mortgage obligation, thus any retention of mortgage payments paid or the property amounts to unjust enrichment. And again, as described above, this legal theory fails as a matter of law and the claim is dismissed with prejudice. Plaintiff may not amend this claim.

### i. Cancellation of Instruments, Injunctive, Declaratory Relief

Plaintiff's eighth, tenth, and eleventh causes of action are not recognized as causes of action in Nevada. These are remedies, not claims. Accordingly, these "causes of action" are dismissed with prejudice.

### j. Slander of Title

To state a slander of title claim under Nevada law, a plaintiff must allege "false and malicious communications, disparaging to [his] title in land, and causing special damage." *See Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 963 P.2d 465, 478 (Nev. 1998). Plaintiff's twelfth claim for relief is premised on the theory that each assignment was fraudulent and thus, Defendants had no legal right to record the Trustee's Deed Upon Sale because Defendants had no interest in the property. The "falsity" Plaintiff complains of is that the representations "of an ownership interest in the [ ] property" were false. (Am. Compl. ¶ 201, ECF No. 34.) However, as this argument necessarily relies on the failed "split the note," "extinguished note," and "sham beneficiary" theories, it fails as a matter of law and is dismissed with prejudice. Plaintiff may not amend this claim.

### k. Retaliatory/Wrongful Filing of Unlawful Detainer

Plaintiff's thirteenth claim has already been dismissed with prejudice because Nevada law does not recognize this tort. (Order Grant'g Mot. to Dismiss 8:20-9:13, ECF No. 33.) Moreover, as this Court held before, this claim is subsumed by Plaintiff's statutory wrongful foreclosure claim. (Id.) Thus, this claim is dismissed with prejudice. Plaintiff may not amend this claim.

## III. MOTION FOR DECLARATORY JUDGMENT

Plaintiff seeks Declaratory Relief to Determine Defendant's True Standing to Collect, Calculations of Payments Demanded by Defendants pursuant to Notice of Default. The Court denies this request for three reasons. First, the Court cannot decipher the relief that Plaintiff is

seeking. Without a clear understanding of the relief sought or the legal basis to provide that relief, the Court cannot grant Plaintiff's motion. Moreover, to the extent that Plaintiff seeks relief based on the legal theories discussed in this Court's orders, such as "show me the note," "split the note," "securitization is unlawful," "sham beneficiary," or "extinguished note" theories, the Court will decline to grant this relief as these conclusions are not supported by law.

Third, Plaintiff's motion is procedurally improper as it asks for judgment on the merits for a claim currently being litigated before this Court. The proper mechanism to bring such a request is a Motion for Summary Judgment in which Plaintiff would need to show there is no genuine issue of material fact remaining to be litigated and that Plaintiff is entitled to judgment as a matter of law. At this time, Plaintiff has failed to produce any evidence showing he is entitled to judgment as a matter of law. Thus, the motion is denied.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Ticor Title of Nevada's Motion to Dismiss (ECF No. 60) is **GRANTED**.

**IT IS FURTHER ORDERED** that all claims against Defendants Ticor Title of Nevada, Freddie Mac, Merscorp, Inc., and Mortgage Electronic Registration Systems, Inc. are **DISMISSED with prejudice**. Thus, the only remaining issues left for adjudication is a single claim for statutory wrongful foreclosure against Defendants Cooper Castle Law Firm, LLP and Ocwen Loan Servicing, LLC.

**IT IS FURTHER ORDERED** that Defendant Ticor Title of Nevada's Motions to Dismiss (ECF No. 37, 96) are **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff Jimmy L. Bank's Motion for Declaratory Relief to Determine Defendant's True Standing to Collect, Calculations of Payments Demanded by Defendants pursuant to Notice of Default (ECF No. 35) is **DENIED**.

**DATED** this 20th day of March, 2013.

_____
Gloria M. Navarro
United States District Judge