# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

JIMMY L. BANKS, *et al.*,

        Plaintiffs,

vs.

FREDDIE MAC, *et al.*,

        Defendants.

Case No. 2:11-cv-00648-GMN-CWH

**ORDER**

      This matter is before the Court on Plaintiff's Motion to Compel (#92), filed on February 26, 2013. The Court also considered Defendant Ticor Title's Response (#93), filed on March 1, 2013, and Defendant Federal Home Loan Mortgage Corporation's Response (#99), filed on March 15, 2013. The Court also considered Order #101 regarding Defendant Ticor Title's Motions to Dismiss (## 37, 60, and 96) and Plaintiff's Motion for Declaratory Relief (#35).

## BACKGROUND

      This action concerns a foreclosure and eviction related to property located at 2400 Lexington Street, North Las Vegas, 89030. Defendants filed a Petition for Removal to this Court on April 25, 2011. On February 26, 2013, Plaintiff filed the Second Motion to Compel (#92) regarding his Third Set of Requests for Discovery. On March 20, 2013, the Court dismissed all claims against Defendants Ticor Title of Nevada, Freddie Mac, Merscorp, Inc., and Mortgage Electronic Registration Systems, Inc. with prejudice. *See* Order #101.

## DISCUSSION

      After careful review, the Court finds that Plaintiff's Motion to Compel must be denied for several reasons. First, Plaintiff failed to comply with Federal Rule of Civil Procedure 37(a)(1) and Local Rule ("LR") 26-7(b). Pursuant to Rule 37(a)(1), a party seeking to compel responses to discovery requests "must include a certification that the movant has in good faith conferred or

attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Additionally, LR 26-7(b) states, "Discovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have been unable to resolve the matter without Court action."

Rule 37's meet and confer requirement and LR 26-7(b)'s personal consultation requirement serve important purposes. Compliance is required "to lessen the burden on the court and reduce the unnecessary expenditure of resources by litigants, through the promotion of informal, extrajudicial resolution of discovery disputes." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Id.* In order to serve its purpose, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id.* To do so,

> [t]he parties must present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions. Only after the cards have been laid on the table, and a party has meaningfully assessed the relative strengths and weaknesses of its position in light of all available information, can there be a 'sincere effort' to resolve the matter.

*Id.* Furthermore, in *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166 (D. Nev. 1996), the Court identified two prongs to Rule 37's meet and confer requirement. First, the moving party must provide a certification from counsel which "accurately and specifically conveys to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute" – the certification requirement. *Id.* Second, the moving party must actually confer or attempt to confer in good faith – the performance requirement. *Id.* The moving party must move beyond cursory statements and "must adequately set forth in the motion essential facts sufficient to enable the court to pass a preliminary judgment on the adequacy and sincerity of the good faith conferment between the parties." *Id.* at 171. A good faith attempt requires more than the "the perfunctory parroting of statutory language," it requires a "genuine attempt to resolve the discovery dispute through non judicial means." *Id.* Plaintiff's request lacks any such certification

that he met and conferred with Defendants on this matter and therefore, the Court will deny the Motion to Compel without prejudice.

Second, Plaintiff's motion to compel fails to identify which defendant he seeks discovery from and whether those defendants have possession of the promissory note or other documents related to the property that he seeks to compel. As a result of the Court's order granting Defendant Ticor Title's motion to dismiss, there are only two defendants left in this action and one claim remaining: Cooper Castle Law Firm, LLP, Ocwen Loan Servicing, LLC, and the statutory defective foreclosure claim under N.R.S. 107.080. Therefore, Plaintiff's motion to compel must be denied because he has failed to demonstrate that the remaining defendants have the discovery he seeks to compel nor that it is discoverable as it relates to the final remaining claim. The Court will deny Plaintiff's motion without prejudice and thereby afford him the opportunity to re-file if he can correct the above-noted deficiencies.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (#92) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that the Hearing on the Motion to Compel set for April 4, 2013 is **vacated**.

DATED this 21st day of March, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**