# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JIMMY L. BANKS, *et al.*,

        Plaintiffs,

vs.

FREDDIE MAC, *et al.*,

        Defendants.

Case No.  2:11-cv-00648-GMN-CWH

**ORDER**

       This matter is before the Court on Plaintiff's Motion to Strike (#117), filed August 27, 2013.  By way of the motion, Plaintiff requests that the Court strike Defendants' Motion for Summary Judgment (#111) pursuant to Federal Rule of Civil Procedure 12(f).  Alternatively, Plaintiff requests that his motion to strike be construed as a response to Defendants' motion.

## DISCUSSION

       The Court declines to strike Defendants' motion (#111) under Rule 12(f) as the motion is not a pleading.  *See Mazzeo v. Gibbons*, 2010 WL 3910072 (D. Nev.) (a motion to strike under Rule 12(f) is limited to pleadings and pleadings do not include motions and other papers) *citing United States v. Crisp*, 190 F.R.D. 546, 550-51 (E.D. Cal. 1999) (citations omitted)).  A court does, however, retain the inherent authority to strike submissions other than pleadings.  *See Mazzeo*, 2010 WL 3910072 *3 (D. Nev.) (citing *Metzger v. Hussman*, 682 F.Supp. 1109, 1110 (D. Nev. 1988); *Calkins v. Shapiro & Anderson, L.L.P.*, 2005 WL 3434718 *3 (D. Ariz.)); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991) (recognizing the district court's inherent power and discretion to sanction litigants or attorneys).  Thus, an alternative basis for striking improper filings is the Court's "inherent power over the administration of its business.  It has inherent authority to regulate the conduct of attorneys who appear before it [and] to promulgate and enforce rules for the management of litigation . . . ."  *Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th

Cir. 1995) (citations omitted).

The Court also declines to strike the motion for summary judgment utilizing its inherent authority.  Absent a local rule or court order providing otherwise, "a party may file a motion for summary judgment at any time until 30 days after the close of discovery."  There is no local rule or operative court order in this case precluding the filing of an early motion under Rule 56.  Plaintiff's primary arguments in favor of striking relate to his position that the evidence submitted in support of the motion for summary judgment is:  (1) insufficient to demonstrate that there is no genuine dispute as to any material fact, (2) not supported by admissible evidence, and (3) attempting to utilize affidavits not based on personal knowledge.  These are common arguments and objections often submitted in opposition to motions for summary judgment and may be sufficient grounds for denial of the motion.  They do not, however, present sufficient grounds to warrant striking the motion altogether.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike (#117) is **denied**.  The Court will consider the motion (#117) as Plaintiff's Response to the pending motion for summary judgment (#111).

DATED: August 28, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**