1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JIMMY L. BANKS, *et al*., ) | |
| ) | |
| Plaintiffs, ) | Case No.  2:11-cv-00648-GMN-CWH |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FREDDIE MAC, *et al*., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court on Plaintiff's Motion for Stay of Litigation Proceedings Pending Completion of Discovery (#118), filed on August 27, 2013.  The Court also considered Defendants' Response (#120), filed on September 13, 2013, and Plaintiff's Reply (#122) filed on September 23, 2013.  Additional, this matter is also before the Court on Plaintiff's Amended Proposed Discovery Plan and Scheduling Order (#115), filed on August 16, 2013.

**DISCUSSION**

Courts have broad discretionary power to control discovery including the decision to allow or deny discovery.  *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  An overly lenient standard for granting a motion to stay would result in unnecessary delay in many cases. That discovery may involve inconvenience and expense is not sufficient to support a stay of discovery.  *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997).[1]  Rather, a stay of discovery should only be ordered if the court is convinced that a plaintiff will be unable to state a claim for relief.  *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011); *see also Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (*per curiam*). Ultimately, the party seeking the stay "carries the heavy burden of making a 'strong showing' why

_____

[1]  As noted in *Tradebay*, "[t]he fact that a non-frivolous motion is pending is simply not enough to warrant a blanket stay of all discovery."  278 F.R.D. at 603.

1   discovery should be denied." *Id.* (citing *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th
2   Cir.1975)).

3       The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of
4   discovery when a potentially dispositive motion is pending.  *Skellercup Indus. Ltd. V. City of L.A.*,
5   163 F.R.D. 598 600-01 (C.D. Cal 1995) (finding that a stay of discovery is directly at odds with the
6   need for expeditious resolution of litigation).  Ordinarily a pending dispositive motion is not "a
7   situation that in and of itself would warrant a stay of discovery." *See Turner*, 175 F.R.D. at 555-56
8   (*quoting Twin City Fire Ins. v. Employers Insurance of Wausau*, 124 F.R.D. 652, 653 (D.Nev.
9   1989)).  To establish good cause for a stay, the moving party must show more than an apparently
10  meritorious Rule 12(b)(6) motion.  *Id*.  Common examples of situations in which good cause has
11  been found are when jurisdiction, venue, or immunity are preliminary issues.  *Id*.

12      On the other hand, the Ninth Circuit has held that under certain circumstances, a district
13  court abuses its discretion if it prevents a party from conducting discovery relevant to a potentially
14  dispositive motion.  *See, e.g., Alaska Cargo Transport, Inc. v. Alaska R.R., Corp.*, 5 F.3d 378, 383
15  (9th Cir. 1993) (stating the district court would have abused its discretion in staying discovery if the
16  discovery was relevant to whether or not the court had subject matter jurisdiction); *Jarvis v. Regan*,
17  833 F.2d 149, 155 (9th Cir. 1987) (holding district court did not abuse its discretion in denying
18  discovery when the complaint did not raise factual issues requiring discovery to resolve); *Kamm v.*
19  *Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975) (holding the propriety of a class action
20  cannot be determined in some cases without discovery, and to deny discovery in such cases is an
21  abuse of discretion); *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977) (stating
22  that the better and more advisable practice is for the district court to allow litigants an opportunity
23  to present evidence concerning whether a class action is maintainable, and such an opportunity
24  requires "enough discovery to obtain the material").

25      In evaluating the propriety of an order staying or limiting discovery while a dispositive
26  motion is pending, this Court considers the goal of Federal Rule of Civil Procedure 1, which
27  provides that the Rules shall "be construed and administered to secure the just, speedy, and
28  inexpensive determination of every action."  *Id.*  Discovery is expensive.  This Court is persuaded

2

1     that the standard enunciated by Judges Reed and Hunt in *Twin City*, 124 F.R.D. 652, and *Turner*,

2     175 F.R.D. 554, should apply in evaluating whether a stay of discovery is appropriate while a

3     dispositive motion is pending.  With Rule 1 as its prime directive, this court must decide whether it

4     is more just to speed the parties along in discovery while a dispositive motion is pending or to delay

5     discovery to accomplish the inexpensive determination of the case.

6            The Court finds that the Plaintiff has not made the strong showing necessary to support the

7     requested stay.  Plaintiff seeks to stay this Court's decision on the pending Motion for Summary

8     Judgment (#110) until discovery is completed.  However, the discovery period closed on February

9     11, 2013.  *See* Order #55.  Additionally, the Court previously denied Plaintiff's request for a stay

10    finding his arguments regarding judicial economy and preventing procedural gamesmanship by

11    Defendants to be not persuasive.  *See* Order #90.  Similarly, the Court finds that Plaintiff has failed

12    to articulate a sufficient justification to stay its ruling on all pending motions.  Plaintiff appears to

13    state complaints about how Defendants participated in discovery.  However, the discovery period is

14    closed and Plaintiff has already filed his opposition to the motion for summary judgment.  This is

15    not a situation where jurisdiction, venue, or immunity issues are at issue in Defendants' Motion for

16    Summary Judgment.  Further, the only remaining defendants in this action, Ocwen Loan Servicing,

17    LLC and the Cooper Castle Law Firm, LLP, oppose the stay contending that their pending motion

18    for summary judgment is supported by a recent clarification of the law and no more discovery is

19    needed.  Finally, the Court notes that the Plaintiff did not meet and confer with Defendants prior to

20    filing the motion to stay in accordance with Local Rule 26-7.  Without information from such a

21    consultation, the Court lacks the ability to assess the breadth of the discovery and the prejudice, if

22    any, that Defendants will suffer in staying this action. *See Brooks v. Macy's, Inc.*, 2010 WL

23    5297756, *2 (S.D.N.Y. 2010).

24           With respect to Plaintiff's Amended Proposed Discovery Plan and Scheduling Order

25    (#115), the Court will deny his request to issue a new scheduling order.  Plaintiff submitted,

26    without certification that he met and conferred with Defendants, a new discovery plan and

27    scheduling order.  However, the Court entered a Scheduling Order (#55) in this action on August

28    29, 2012.  This Order #55 governs discovery in this matter and the Court finds no good cause to

3

1    alter the deadlines it imposed.

2          Based on the foregoing and good cause appearing therefore,

3          **IT IS HEREBY ORDERED** that Plaintiff's Motion for Stay of Litigation Proceedings

4    Pending Completion of Discovery (#118) is **denied**.

5          **IT IS FURTHER ORDERED** that Plaintiff's Amended Proposed Discovery Plan and

6    Scheduling Order (#115) is **denied**.

7          Dated this 30th day of September, 2013.

8

9                                    _____

10                                   **C.W. Hoffman, Jr.**
                                     **United States Magistrate Judge**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    4