1

2

3

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

4

5

6

7

8

9

| | | |
|---|---|---|
| JIMMY L. BANKS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.2:11-cv-00648-GMN-CWH |
| vs. | ) | |
| | ) | **ORDER** |
| FREDDIE MAC aka FEDERAL HOME | ) | |
| LOAN MORTGAGE CORPORATION, a | ) | |
| Virginia corporation, et al., | ) | |
| | ) | |
| Defendants. | ) | |

10

11

12

13

14

15

16

        This action arises out of the foreclosure proceedings initiated against the property of

Plaintiff Jimmy L. Banks, who is appearing *pro se*.  Pending before the Court is Plaintiff Jimmy

L. Bank's Motion for Clarification pursuant to Federal Rules of Civil Procedure 59 and 60.[1]

(ECF No. 103).  Defendant Ticor Title of Nevada ("Ticor") filed a response. (ECF No. 105).

Defendants Cooper Castle Law Firm, LLP, ("CCLF") and Ocwen Loan Servicing, LLC joined

Ticor's response. (ECF No. 106).  Plaintiff replied. (ECF No. 108).

## I.    BACKGROUND

17

18

19

20

21

        The facts giving rise to this case are set out more particularly in this Court's prior

Orders. (ECF No. 33, 101).  The facts pertinent to this motion are:

        Plaintiff filed an amended complaint on December 12, 2011 alleging thirteen claims for

relief against Defendants: (1) quiet title; (2) aiding and abetting wrongful foreclosure; (3)

22

23

24

25

---

[1] This motion was filed twice as ECF Nos. 103 and 104 because Plaintiff sought
clarification/reconsideration of two orders, ECF No. 101 entered by the Court on Defendants'
Motion to Dismiss, and ECF No. 102 entered by Magistrate Judge Hoffman on Plaintiff's
Motion to Compel. Magistrate Judge Hoffman has already considered and denied Plaintiff's
request as relating to the discovery issues. This order does not disrupt Magistrate Judge
Hoffman's determinations.

1   wrongful foreclosure; (4) unlawful (statutorily defective) foreclosure – NRS 107.080; (5)

2   unlawful reliance on falsified documents against property rights – NRS 205.372-95; (6) false

3   recordation concerning title to real property, (7) broken chain of custody (promissory note &

4   assignment rights); (8) cancellation of instruments, (9) unjust enrichment, (10) injunctive relief,

5   (11) declaratory relief, (12) slander of title, and (13) retaliatory/wrongful filing of unlawful

6   detainer.  Defendants' moved to dismiss the Complaint with prejudice for failure to state a

7   claim. On March 20, 2013, the Court dismissed all claims against Ticor, Freddie Mac,

8   Merscorp, Inc., and Mortgage Electronic Registration Systems, Inc., leaving only a single claim

9   for statutory wrongful foreclosure against Defendants Cooper Castle Law Firm, LLP and

10   Ocwen Loan Servicing, LLC.  Although titled a motion for clarification, Plaintiff seeks

11   reconsideration of the Court's order dismissing the claims.

12   **II.      Motion to Dismiss**

13              **A.  LEGAL STANDARD**

14              Although not mentioned in the Federal Rules of Civil Procedure, motions for

15   reconsideration may be brought under Rules 59 and 60.  Rule 59(e) provides that any motion to

16   alter or amend a judgment shall be filed no later than 28 days after entry of the judgment.  The

17   Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted

18   "absent highly unusual circumstances, unless the district court is presented with newly

19   discovered evidence, committed clear error, or if there is an intervening change in the

20   controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873,

21   880 (9th Cir. 2009) (*quoting 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.

22   1999)).

23              Under Rule 60(a) a Court may correct any clerical mistakes based on its own oversight

24   or omissions.  Additionally, under Rule 60(b), a court may relieve a party from a final

25   judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence,

surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000).

A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003).  On the other hand, a motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion)).  Motions for reconsideration are not "the proper vehicles for rehashing old arguments," *Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted), and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D. Va. 1977).

## B.  DISCUSSION

Plaintiff claims that the Court committed clear error and attempts to reargue the issues presented by the parties and addressed by the Court in the consideration of the Defendants' Motions to Dismiss. (ECF No. 37, 60, 96).  Initially, the Court notes Plaintiff is not entitled to relief under Rule 60 as he does not complain of a clerical error, nor has he presented any evidence of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, that the judgment is void, that the judgment has been satisfied, or any other reason justifying relief from the judgment.  Plaintiff expresses displeasure with the Court's ruling and argues that the Complaint "appears to [him] to allege" several actionable claims. (ECF No. 103, at 2).  However, contrary to Plaintiff's assertion that the Court dismissed his claims based on its own "subjective decision," (*Id.*), the Court dismissed the claims because they are legally

1  untenable.  The Court analyzed and addressed whether the additional factual allegations could

2  remedy the deficiencies and correctly determined that each dismissed claim relied on legal

3  theories that have been resoundingly and repeatedly rejected by the Ninth Circuit. (ECF No.

4  101).  As no additional factual allegations could have saved the claims because they were

5  legally flawed, the claims were properly dismissed with prejudice.  Accordingly, Rule 60 does

6  not provide Plaintiff with a basis for relief.

7       Alternatively, in his reply, Plaintiff argues he is entitled to relief under Rule 59 because

8  there has been an intervening change in law pursuant to Nevada Assembly Bill 284 relating to

9  foreclosure proceedings.  Nevada Assembly Bill 284 revised provisions in the Nevada Revised

10 Statutes governing the recording of assignments of mortgages and deeds of trust and the

11 exercise of the power of sale under a deed of trust. Nev. Assem. B. 284, 2011 Leg., 76th Sess.

12 (Nev. 2011).  The law became effective on October 1, 2011 and does not apply retroactively.

13 *Id.*

14      Here, although there has been a change in law, it does not intervene in this case. On June

15 24, 2010 a Notice of Breach And Default And Of Election To Cause Sale Of Real Property

16 Under Deed Of Trust was recorded with the Clark County Recorder. On January 6, 2011, a

17 Notice of Trustee's Sale was recorded with the Clark County Recorder. The foreclosure sale

18 took place on March 4, 2011.  As all the foreclosure proceedings relating to the subject

19 property took place before October 1, 2011, and any change in law does not retroactively apply

20 to the foreclosure on Plaintiff's home, this argument fails.  Therefore, the motion to reconsider

21 is denied.

22      Last, Plaintiff makes continuing allegations of discovery misconduct and complains

23 about the denial of his motion to compel. Magistrate Judge Hoffman has already clearly

24 explained the reasons for the denial and subsequent denial of the motion for reconsideration.

25 However, for the sake of clarity and to completely address all the arguments made in this

motion, the Court now addresses those issues, as well. Plaintiff's motion to compel was denied because he did not abide by the rules of procedure. He did not meet and confer as required by the rules. Nor did he specifically identify which defendant he sought discovery from and whether those defendants had possession of the promissory note or other documents related to the property that he sought to compel. Without knowing who to compel to produce what, the Court *could not* grant his motion. Accordingly, the Court denied the motion but gave him leave to refile the request after he corrected the noted deficiencies. Plaintiff chose to not do so. Similarly, the motion for reconsideration was denied because Plaintiff still did not correct the noted deficiencies or give the Court the legal basis for his request. Proceeding *pro se* does not give Plaintiff free license to disregard the rules of procedure. Therefore, the motion for reconsideration was properly denied on that basis, as well.

## III.   CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Clarification (ECF No. 103) is **DENIED**.

**DATED** this 17th day of January, 2014.

_____
Gloria M. Navarro
United States District Judge