# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JIMMY L. BANKS,                    )
                                   )
            Plaintiff,             )          Case No.2:11-cv-00648-GMN-CWH
      vs.                          )
                                   )                **ORDER**
FREDDIE MAC aka FEDERAL HOME       )
LOAN MORTGAGE CORPORATION, a       )
Virginia corporation, et al.,      )
                                   )
            Defendants.            )
_____   )

        This action arises out of the foreclosure proceedings initiated against the property of

Plaintiff Jimmy L. Banks, who is appearing *pro se*.  Pending before the Court are Defendants

Ocwen Loan Servicing, LLC ("Ocwen") and the Cooper Castle Law Firm's ("CCLF") Motion

for Summary Judgment (ECF No. 111), and Motion to Expunge Lis Pendens (ECF No. 113).

Plaintiff opposed both motions.[1] (ECF No. 116, 117).  Defendants did not reply.  For the

reasons discussed below, the motions are denied.

## I.      BACKGROUND

        This case arises from an alleged wrongful foreclosure.  The facts giving rise to this case

are set out more particularly in this Court's prior Orders. (Order Grant'g Mot. to Dismiss, ECF

Nos. 33, 101).  The facts pertinent to this motion are that Plaintiff filed an Amended Complaint

(ECF No. 34) on December 12, 2011, alleging thirteen claims for relief against Defendants.  On

March 20, 2013, the Court granted Defendants' Motion to Dismiss all claims against

---

[1] Plaintiff sought to strike the Motion for Summary Judgment. (ECF No. 116).  However, Plaintiff alternatively sought that his motion to strike be construed as a response to Defendants' motion. (*Id.*) Magistrate Judge Hoffman denied the Motion to Strike and held that the Court would consider the motion as Plaintiff's Response to the pending motion for summary judgment. (ECF No. 119).  The Court does so, accordingly.

Defendants Ticor Title of Nevada, Freddie Mac, Merscorp, Inc., and Mortgage Electronic Registration Systems, Inc., with prejudice. (ECF No. 101).

The only remaining issue left for adjudication is a single claim for statutory wrongful foreclosure pursuant to NRS § 107.080(3) against Ocwen and CCLF. (*Id.* at 7). As to that claim, the Court held in its March Order that Plaintiff had adequately stated a statutory wrongful foreclosure claim by alleging that "he did not receive a mailed copy of the notice of default and trustee's sale," prior to the filing of the Notice of Default. (*Id.* at 6). Thus, the Court held that "Plaintiff [had] pled a plausible claim for statutorily defective foreclosure against CCLF, as the trustee who filed the Notice of Default and Notice of Trustee's Sale, and Ocwen, as the beneficiary." (*Id.* at 7). Notably, to the extent that any claim relied on legal theories that MERS is a sham beneficiary, or that securitization voids the deed of trust, irreparably splits the note, or extinguishes the note, the Court dismissed the claims with prejudice.

Defendants now seek summary judgment alleging "the facts are undisputed that Ocwen had authority to foreclose as the holder of Plaintiff (sic) note and beneficiary of the deed of trust." (ECF No. 111 at 4). The entirety of Defendants' motion focuses on Ocwen's alleged reunification of the note and deed of trust under *Edelstein v. Bank of New York Mellon*, 286 P.3d 249, 252 (Nev. 2012).

## II.    <u>LEGAL STANDARD</u>

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Factual disputes whose resolution would not affect the outcome of the suit are

irrelevant to the consideration of a motion for summary judgment. *Id.* A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. When the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

## III. __DISCUSSION__

Defendants' motion overlooks what the Court has already held is the single issue in this case, namely whether Ocwen and CCLF complied with NRS § 107.080. Among other things, NRS § 107.080 requires that the beneficiary, the successor in interest of the beneficiary, or the trustee to mail a copy of the notice of default and election to sell to the residents by registered mail or certified mail with return receipt requests. *Id.* at § 107.080(3). Here, Defendants' motion makes no mention of whether Ocwen or CCLF did, in fact, send Plaintiff the copy of the notice of default and election to sell by registered mail or certified mail with return receipt

requests.  Even assuming *arguendo*, as Defendants assert, that Ocwen had the authority to foreclose,[2] Defendants still have not shown that proper foreclosure was effectuated via mailing of the statutorily required documentation such as to negate an essential element of Plaintiff's case.  As Defendants have failed to meet their initial burden, summary judgment must be denied. *See Adickes*, 398 U.S. at 159–60.  Moreover, as there is still a live case, the motion to expunge *lis pendens* is also denied.

## IV.   **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 111) is **DENIED**.

**IT IS FURTHER ORDERED** Defendants' Motion to Expunge Lis Pendens (ECF No. 113) is **DENIED.**

**IT IS FURTHER ORDERD** that the Joint Pretrial Order is due Thursday, March 20, 2014.

**DATED** this 20th day of February, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court

---

[2] Defendants argue that the note and deed of trust were reunified because the deed of trust "was assigned to Ocwen," (ECF No. 111 at 3, citing to the Assignment of the Deed of Trust), and that "Ocwen held possession of the note." (*Id.* at 8, citing the Affidavit of Thomas Ashley).  However, the Court notes that the affidavit of Mr. Ashley in support of Defendants' Motion for Summary Judgment (ECF No. 112) substantially lacks foundation for an assertion that "Ocwen became the holder of the Banks Note on February 19, 2010." (*Id.* at ¶ 6).  Not only is the statement a legal determination that Mr. Ashley is unqualified to make, but it also fails to describe how he has personal knowledge of the facts that would tend to support the conclusion or what those facts may be.  To support Mr. Ashley's assertion under the arguments presently made, Ocwen (or CCLF) must show that it is in possession of the note. *See Edelstein*, 286 P.3d at 261.